John B. Ingelstrom (ISB#: 2659)
Richard A. Hearn (ISB#: 5574)
Jonathan M. Volyn (ISB#: 6434)
RACINE, OLSON, NYE,
BUDGE & BAILEY, CHARTERED
P.O. Box 1391
Pocatello, Idaho 83204-1391
Telephone: (208)232-6101
Fax: (208)232-6109
jbi@racinelaw.net
rah@racinelaw.net
jmv@racinelaw.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIE LINN MCCORMACK, on behalf of herself and all others similarly situated, and in the interests of the general public, | ) ) ) )   Case No. |
| Plaintiff, | ) )   **CLASS ACTION** |
| vs. | ) )   **COMPLAINT** |
| MARK L. HIEDEMAN, Bannock County Prosecuting Attorney, | ) ) ) ) |
| Defendant. | ) ) ) |

Plaintiff JENNIE LINN MCCORMACK, on her own behalf and on behalf of a class of all those similarly situated persons described below, by their undersigned counsel RACINE, OLSON, NYE, BUDGE & BAILEY, CHARTERED, as and for their Complaint in this action, aver as follows, with knowledge of her own actions and conduct and events occurring in her presence, and upon information and belief as to all other matters:

**I. NATURE OF THE ACTION**

1.     This is a class action lawsuit seeking declaratory and injunctive relief brought pursuant to Federal Rule of Civil Procedure 23(b)(2) by Plaintiff Jennie Linn McCormack and all

COMPLAINT - Page 1

other similarly situated women (hereafter "Plaintiffs") who are either currently seeking or will in the future be seeking an abortion in Bannock County against the Bannock County Prosecuting Attorney in his official capacity.

2.     This action is brought pursuant to 42 U.S.C. § 1983 to enjoin the Defendant from criminally prosecuting or threatening to prosecute any woman who seeks an abortion in Bannock County for violating Idaho Code Title 18, Chapter 6.

3.     This action is brought pursuant to 42 U.S.C. § 1983 to also enjoin the Defendant from criminally prosecuting or threatening to prosecute any person licensed in Idaho to provide health care for violating Idaho Code Title 18, Chapters 5 and 6 as a result of that person's alleged involvement with any woman seeking an abortion in Bannock County.

4.     This action is brought pursuant to 42 U.S.C. § 1983 to also enjoin the Defendant from criminally prosecuting or threatening to prosecute any person licensed outside Idaho to provide health care for violating Idaho Code Title 18, Chapters 5 and 6 as a result of that person's alleged involvement with any woman seeking an abortion in Bannock County.

5.     Finally, this action seeks a declaratory judgment finding that the criminal sanctions contained in Idaho Code Title 18, Chapters 5 and 6 are unconstitutional both on their face and as applied to

(a) any woman seeking an abortion in Bannock County, Idaho, or

(b) any person licensed to provide health care anywhere who provides assistance or treatment to such women in Idaho.

## II.  JURISDICTION AND VENUE

6.      This action asserts claims for violations of constitutional rights under 42 U.S.C. § 1983.  Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Defendant resides in the District of Idaho.

### III.  PARTIES

8.      Plaintiff Jennie Linn McCormack ("*McCormack*") is a female individual capable of becoming pregnant who resides in Bannock County, Idaho.

5.      Defendant Mark L. Hiedeman ("*Prosecutor*")is the Bannock County Prosecuting Attorney.  He is charged with the enforcement of Idaho Code Title 18, Chapters 5 and 6, and is being sued in his official capacity only, as are his agents and successors in office.

### IV.  STATEMENT OF FACTS

6.      Women residing in southeast Idaho seeking to terminate a pregnancy currently must travel outside southeast Idaho to obtain elective abortions.

7.      For some women residing in southeast Idaho, the additional costs associated with travel to an abortion provider will significantly burden those women's access to a safe and affordable abortion.

8.      For other women residing in southeast Idaho, the time required to travel to an abortion provider will significantly burden those women's access to a safe and convenient abortion.

9.      In the early stages of pregnancy, physicians providing abortion services in the United States often prescribe medications approved by the U.S. Federal Drug Agency ("*FDA*") to cause

women to abort their pregnancies medically, *i.e.*, non-surgically, in the privacy of their homes. Such "medical" abortions are generally less expensive than surgical abortions.

10.     Plaintiff McCormack is unmarried and was unemployed in the winter of 2010. She presently has three children, ages 2, 11 and 18.

11.     In December of 2010 Plaintiff McCormack was pregnant and believed she could not afford either the expense or time away from Bannock County associated with having an abortion in Salt Lake City, Utah.

12.     Not wanting to have another child, Plaintiff McCormack considered terminating her pregnancy in Bannock County, Idaho by ingesting one or more medications she reasonably believed to have been prescribed by a health care provider practicing outside Bannock County, Idaho to induce an abortion.

13.     On May 18th, 2011, Defendant Hiedeman filed a Criminal Complaint in the District Court for the Sixth Judicial District of the State of Idaho, in and for Bannock County charging Plaintiff McCormack with "the public offense of Unlawful Abortion, Idaho Code § 18-606; committed as follows, to-wit:

> That the said JENNIE LINN MCCORMACK, in the County of Bannock, State of Idaho, on the 24th day of DECEMBER, 2010, did induce or knowingly aid in the production or performance of an abortion by knowingly submitting to an abortion and/or soliciting of another, for herself, the production of an abortion, and/or who purposely terminated her own pregnancy other than by live birth.

14.     If Plaintiff McCormack were to become pregnant again, the expense and inconvenience associated with travel out of Bannock County, Idaho to obtain an abortion would constitute a significant burden for her.

15.     But for the threat of criminal prosecution of (a) women obtaining abortions and (b) health care providers providing abortion services to women in Bannock County, Plaintiff McCormack would be capable of obtaining an abortion in Bannock County in the event of any future unwanted pregnancy.

16.     The continuing threat of criminal prosecution by the Defendant of (a) women desiring to obtain abortions in Bannock County, Idaho under Title 18, Chapter 6 of Idaho Code and (b) health care providers desiring to provide abortions for such women in Bannock County, Idaho under Title 18, Chapters 5 and 6 unduly burdens the reproductive rights of those women as protected by the U.S. Constitution.

## V.  STATUTORY FRAMEWORK

A.      Title 18, Chapter 6 ("Abortion and Contraceptives")

### Definitions

17.     Idaho Code § 18-604 defines certain terms found in Chapter 6.  There statutory definitions contained in Idaho Code, Title 18, Chapter 6 violate the rights of Plaintiffs as guaranteed by the Fourteenth Amendment of the U.S. Constitution.

18.     Idaho Code § 18-604(5) defines the "first trimester of pregnancy" to mean the first (13) weeks of a pregnancy.

19.     Idaho Code § 18-604(12) defines the "second trimester of pregnancy" to mean that portion of a pregnancy following the thirteenth week and preceding the point in time when the fetus becomes viable, and there is hereby created a legal presumption created that the second trimester does not end before the commencement of the twenty-fifth week of pregnancy, upon which

presumption any licensed physician may proceed in lawfully aborting a patient pursuant to Idaho Code § 18-608, Idaho Code.

20.      Idaho Code § 18-604(13) defines the "third trimester of pregnancy" to mean that portion of a pregnancy from and after the point in time when the fetus becomes viable.

21.      Idaho Code § 18-604(6) defines "hospital" to mean an acute care, general hospital in this state, licensed as provided in chapter 13, title 39, Idaho Code.

22.      Idaho Code § 18-604(11) defines "physician" to mean a person licensed to practice medicine and surgery or osteopathic medicine and surgery in this state as provided in chapter 18, title 54, Idaho Code.

23.      Idaho Code § 18-604(14) states that any reference to "viable fetus" shall be construed to mean a fetus potentially able to live outside the mother's womb, albeit with artificial aid.

### Criminal Sanctions Against Woman for Having an Abortion

24.      Idaho Code § 18-605(2) entitled "Unlawful abortions – Accomplice or accessory – Submitting to – Penalty" reads as follows: "Except as permitted by this Act . . . (2) Every woman who knowingly submits to an abortion or solicits of another, for herself, the production of an abortion, or who purposefully terminated her own pregnancy otherwise than by live birth, shall be deemed guilty of a felony and shall be fined not to exceed five thousand dollars ($5,000) and/or imprisoned in the state prison for not less than one (1) and not more than five (5) years; . . . "

25.      In criminalizing the conduct of women in Idaho for submitting to abortions provided by licensed health care providers practicing both in and outside of the State of Idaho, Idaho Code § 18-605(2) imposes an undue burden on those women's right to obtain an abortion as guaranteed by the Fourteenth Amendment of the U.S. Constitution.

**Criminal Sanctions Against Health Care Providers Performing Abortions**

26.     Idaho Code § 18-605 entitled "Unlawful Abortions – Procurement of – Penalty – (1)" makes it a felony for any "person not licensed or certified to provide health care in Idaho who, except as permitted by this chapter, provides, supplies or administers any medicine, drug or substance to any woman or uses or employees any instrument or other means whatever upon any then-pregnant woman with the intent thereby to cause or perform an abortion . . ."

27.     Idaho Code § 18-605 entitled "Unlawful Abortions – Procurement of – Penalty – (3)" makes it a felony for "any person who is licensed or certified to provide health care pursuant to title 54, Idaho Code, and who knowingly violates the provisions of" title 18, chapter 6.

28.     Idaho Code § 18-606 entitled "Unlawful Abortions –Accomplice or accessory– Submitting to– Penalty (1)" makes it a felony for any person, except as permitted by other provisions of title 18, chapter 6, to "induce[] or knowingly aid[] in the production or performance of an abortion" "as an accomplice or accessory to any violation of section 18-605."

29.     Idaho Code § 18-608(A) states that it "is unlawful for any person other than a physician to cause or perform an abortion."

30.     Because Idaho Code § 18-604(11) defines "physician" so as to exclude all persons not licensed to practice medicine in Idaho from the definition of physicians as that term is used in the criminal statutes regulating the provision of abortions in Idaho, women seeking to abort their pregnancies in Idaho can only do so legally through the assistance of Idaho licensed physicians.

31.     Precluding women from seeking medical abortions from physicians licensed outside the State of Idaho constitutes an undue burden on those Idaho women seeking such abortions who

do not have the ability to access Idaho licensed abortion providers willing to prescribe a medical abortion for these women.

32.     Idaho Code § 18-608 provides the conditions and guidelines for certain abortions which are permitted as exceptions to the legal prohibitions set out in Idaho Code §§ 18-605 and 18-606.  Section 1 of Idaho Code § 18-608 deals with first trimester abortions, section 2 with second trimester abortions and section 3 with third trimester abortions.

33.     Idaho Code § 18-608 states that the "provisions of section 18-605 and 18-606 shall not apply to and neither this act, nor other controlling rule of Idaho law, shall be deemed to make unlawful an abortion performed by a physician if: (1) When performed upon a woman who is in the first trimester of pregnancy, the same is performed following the attending physician's consultation with the pregnant patient and a determination by the physician that such abortion is appropriate in consideration of such factors as in his medical judgment he deems appropriate . . "

34.     Idaho Code § 18-608(1) dealing with first trimester abortions goes on to state that "[a]bortions permitted by this subsection shall only be lawful if and when performed in a hospital or in a physician's regular office or a clinic which office or clinic is properly staffed or equipped for the performance of such procedures and respecting which the responsible physician or physicians have made satisfactory arrangements with one or more acute care hospitals within reasonable proximity thereof providing for the prompt availability of hospital care as may be required due to complications or emergencies that might arise."

35.     Idaho Code § 18-608 states that the "provisions of section 18-605 and 18-606 shall not apply to and neither this act, nor other controlling rule of Idaho law, shall be deemed to make unlawful an abortion performed by a physician if: . . . (2)  When performed upon a woman who is

in the second trimester of pregnancy, the same is performed in a hospital and is, in the judgment of the attending physician, in the best medical interest of such pregnant woman, considering those factors enumerated in subsection (1) . . ."

36. Idaho Code § 18-608 states that the "provisions of section 18-605 and 18-606 shall not apply to and neither this act, nor other controlling rule of Idaho law, shall be deemed to make unlawful an abortion performed by a physician if: . . . (3) When performed upon a woman who is in the third trimester of pregnancy, the same is performed in a hospital and, in the judgment of the attending physician, corroborated by a like opinion of a consulting physician concurring therewith, either is necessary for the preservation of the life of such woman or, if not performed, such pregnancy would terminate in birth or delivery of a fetus unable to survive."

37. The exceptions to criminal liability contained in Idaho Code § 18-608 for either women having or health care providers performing an abortion are insufficient to overcome the constitutionally undue burden created by Idaho Code Title 18, Chapter 6 on a woman's right to choose to have an abortion as guaranteed by the Fourteenth Amendment of the U.S. Constitution.

38. Idaho Code 18-603 entitled "Advertising medicines or other means for preventing conception, or facilitating miscarriage or abortion" criminalizes the advertisement of contraceptives and medications for producing abortions to women in Idaho by any person who is not a "licensed physician of [the State of Idaho or] those licensed or registered health care providers hereinafter referred to acting under [those Idaho licensed physicians] direct supervision or medical order."

39. Idaho Code 18-603 unduly burdens the rights of women in southeast Idaho to choose to abort their pregnancies and, because it has the practical effect of controlling commerce that occurs entirely outside Idaho, violates the dormant *Commerce Clause* of the U.S. constitution.

B.     Title 18, Chapter 5 ("Pain-Capable Unborn Child Protection Act")

**Definitions**

40.     Idaho Code § 18-502 defines certain terms found in Chapter 5.  The statutory

definitions contained in Idaho Code, Title 18, Chapter 5 violate the rights of Plaintiffs as guaranteed

by the Fourteenth Amendment of the U.S. Constitution.

41.     Idaho Code § 18-502(6) defines "postfertilization age" to mean "the age of the unborn

child as calculated from the fertilization of the human ovum."

42.     Idaho Code § 18-502(7) defines " probable  postfertilization age of the unborn child"

to mean "what, in reasonable medical judgment, will with reasonable probability be the

postfertilization age of the unborn child at the time the abortion is planned to be performed."

43.     Idaho Code § 18-502(8) defines "reasonable medical judgment" to mean "a medical

judgment that would be made by a reasonablely prudent physician knowledgeable about the case and

the treatment possibilities with respect to the medical conditions involved."

**Criminal Sanctions**

44.     Idaho Code § 18-505 entitled "Abortion of Unborn Child of Twenty or More Weeks

Postfertilization Age Prohibited" states that "[n]o person shall perform or induce or attempt to

perform or induce an abortion upon a woman when it has been determined, by the physician

performing or inducing the abortion or by another physician upon whose determination that

physician relies, that the probable post-fertilization age of the woman's unborn child is twenty (20)

or more weeks unless, in reasonable medical judgment: (1) she has a condition that so complicates

her medical condition as to necessitate the abortion of her pregnancy to avert her death or to avert

serious risk of substantial and irreversible physical impairment of a major bodily function, not

including psychological or emotional conditions; or (2) it is necessary to preserve the life of an unborn child."

45.     Idaho Code § 18-507 entitled "Criminal Penalties" states that "[a]ny person who intentionally or recklessly performs or attempts to perform an abortion in violation of the provisions of section 18-505, Idaho Code, is guilty of a felony. No penalty shall be assessed against the woman upon whom the abortion is performed or attempted to be performed."

46.     Idaho Code Title 18, Chapter 5 violates the right of women to choose an abortion as guaranteed by the Fourteenth Amendment of the U.S. Constitution because it fails to contain a constitutionally acceptable exception allowing for an abortion after 19 weeks "post-fertilization age" if necessary to preserve the health of the mother.

## VI. CLASS ACTION ALLEGATIONS

47.     Plaintiff Jennie Linn McCormack brings this action on behalf of herself and all similarly situated pregnant women who are either currently seeking an abortion in Bannock County or who will consider doing so in the future.

48.     With respect to their claims for forward-looking injunctive and declaratory relief, Plaintiffs seek to represent a class, pursuant to Rule 23(b)(2), of all individuals who are now seeking or will in the future seek an abortion in the County of Bannock, State of Idaho. As a consequence of threatened enforcement by Defendant of the above discussed provisions of Idaho Code Title 18, Chapters 5 and 6, members of this class are in danger of future violations of their constitutional rights.

49.     As a consequence of Defendant's demonstrated intent to enforce the Idaho statutes regulating abortion against women in Bannock County, Idaho such as Plaintiff McCormack, and the

threat of enforcement of Idaho statutes regulating abortion found in Title 18, Chapters 5 and 6 by the Defendant now and in the future, Title 18, Chapters 5 and 6 will -- in a large fraction of the cases involving the choice by Plaintiff McCormack herself and the class of all women similarly situated to McCormack's to undergo an abortion in Bannock County -- operate as a substantial obstacle to those women's choice to undergo an abortion now and in the future.

50.      There are hundreds of class members geographically dispersed throughout southeast Idaho. The class is sufficiently numerous and diffuse that joinder of all class members, whether required or permitted, is impracticable.

51.      Plaintiffs will fairly and adequately protect the interests of the class because Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Plaintiffs have retained counsel with substantial experience in the prosecution of civil and class action litigation.

52.      There are questions of law common to the class, *viz.*, whether the provisions of Title 18, Chapters 5 and 6 operate so as to constitute, in a large fraction of the cases in which they apply, a substantial obstacle to a woman's choice to undergo an abortion in Bannock County Idaho. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members.

53.      Plaintiff McCormack's claim is typical of those of the class she seeks to represent and she is an adequate representative of the class.

54.      Defendant has acted and/or threatened to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief.

55.      Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this case that would preclude its maintenance as a class action.

56.     Defendant has acted on grounds generally applicable to the entire class, thereby making final relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendant and others similarly situated.

### VII.  CLAIMS FOR RELIEF

A.     **Chapter 18, Title 6**

### COUNT I – RIGHT TO DUE PROCESS OF LAW
### (Undue Burden)

57.     Plaintiffs hereby incorporate the allegations set forth in paragraphs 1-56 of this complaint as if set forth fully herein.

58.     Plaintiffs bring this claim challenging the constitutionality of Chapter 18, Title 6 both facially and as applied to Plaintiff McCormack and the previously identified class.

59.     Threatened enforcement of Chapter 6 Idaho Code Title 18 violates the rights of Plaintiffs as guaranteed by the Fourteenth Amendment of the United States Constitution by threatening the women considering having an abortion with criminal prosecution simply for undergoing an abortion in Bannock County and thereby imposes an undue burden on women desiring to obtain an abortion in Bannock County.

60.     Even assuming for the sake of argument only that the exceptions to criminal liability found in Idaho Code § 18-608 would apply to a woman's potential liability under Idaho Code § 18-605 (2) for undergoing an abortion, threatening the woman considering having an abortion with criminal liability solely because her abortion provider failed to comply with each applicable requirement of Idaho Code § 18-608 would constitute an undue burden on her rights guaranteed by the U.S. Constitution to choose to undergo an abortion in Bannock County, Idaho. Furthermore, to the degree that those requirements found in Idaho Code § 18-608 as applied to health care providers are unconstitutional, such requirements *as applied to the women who undergo abortions performed by those health care providers* cannot be constitutional.

61.     Threatened enforcement of Chapter 6 Idaho Code Title 18 violates the rights of Plaintiffs to privacy as guaranteed by the Fourteenth Amendment of the United States Constitution by threatening licensed abortion providers currently practicing outside Bannock County, Idaho with criminal prosecution without a corresponding state interest that would sufficiently justify this limitation, thereby imposing a substantial obstacle in Plaintiffs' path when seeking abortion in Bannock County by limiting their access to safe abortion providers.

62.     Idaho Code § 18-608's requirements that first trimester abortions be performed by Idaho licensed physicians who have "made satisfactory arrangements with one or more hospitals within reasonable proximity" and that second trimester abortions be performed by Idaho licensed physicians in a hospital licensed as "an acute care, general hospital" in Idaho constitute an undue burden on a woman's right to choose to undergo a pre-viability abortion in Bannock County, Idaho.

63.     Unless Defendant is enjoined from enforcing Chapters 6 of Idaho Code, Title 18, there is a reasonable likelihood that the threat of criminal prosecution will deter Plaintiffs from

exercising their right to choose as guaranteed under the Fourteenth Amendment to the U.S. Constitution in Bannock County, Idaho. Accordingly, this Court should issue an injunction preventing Defendant from prosecuting in Bannock County, Idaho either the Plaintiffs or any licensed health care provider of abortions for violating Title 18, Chapter 6 during the pendency of this litigation.

## COUNT II – RIGHT TO DUE PROCESS OF LAW
### (Vague and Overbroad)

64.     Plaintiffs hereby incorporate the allegations set forth in paragraphs 1-63 of this complaint as if set forth fully herein.

65.     Plaintiffs bring this claim challenging the constitutionality of Chapter 6, Title 18 both facially and as applied to McCormack and the previously identified class.

66.     The provisions of Chapters 6 Idaho Code Title 18 set forth above violate the rights of Plaintiffs to due process of law for vagueness. The statutes, as written, fail to give adequate notice because a reasonable person could not know whether an abortion under certain circumstances is permitted or prohibited.

67.     Chapters 6 Idaho Code Title 18 also violates the rights of Plaintiffs to due process of law because their provisions are overbroad. The statutes, as written, regulate substantially more of a woman's choice to have an abortion than is constitutionally permitted.

70.     The definition of a "viable fetus" contained in Idaho Code § 18-604(14) is overbroad.

71.     Unless Defendant is enjoined from enforcing Chapters 6 of Idaho Code, Title 18, there is a reasonable likelihood that the threat of criminal prosecution will deter Plaintiffs from exercising their right to privacy as guaranteed under the Fourteenth Amendment to the U.S. Constitution in Bannock County, Idaho. Accordingly, this Court should issue an injunction

preventing Defendant from prosecuting in Bannock County, Idaho Plaintiffs or any licensed health care provider of abortions during the pendency of this litigation for violating Title 18, Chapter 6.

### COUNT III – DORMANT COMMERCE CLAUSE

72.    Plaintiffs hereby incorporate the allegations set forth in paragraphs 1-71 of this complaint as if set forth fully herein.

73.    Plaintiffs bring this claim challenging the constitutionality of Idaho Code § 18-603 both facially and as applied to herself and the previously identified class.

74.    Unless Defendant is enjoined from enforcing Idaho Code § 18-603 precluding health care providers licensed outside Idaho from advertising contraceptives and medications intended to cause abortions in Idaho, there is a reasonable likelihood that the threat of criminal prosecution will violate the dormant Commerce Clause of the U.S. Constitution thereby unduly burdening Plaintiffs from exercising their right to privacy as guaranteed under the Fourteenth Amendment to the U.S. Constitution in Bannock County Idaho.   Accordingly, this Court should issue an injunction preventing Defendant from prosecuting any health care provider of abortions licensed in a State other than Idaho for violating Idaho Code § 18-603 during the pendency of this litigation .

**B.    Chapter 18, Title 5**

### COUNT IV – RIGHT TO DUE PROCESS OF LAW
### (Undue Burden)

75.    Plaintiffs hereby incorporate the allegations set forth in paragraphs 1-74 of this complaint as if set forth fully herein.

76.    Plaintiffs bring this claim challenging the constitutionality of Chapter 5, Title 18 both facially and as applied to herself and the previously identified class.

77.     Chapter 5 Idaho Code Title 18 violates the rights of Plaintiffs right to choose as guaranteed by the Fourteenth Amendment of the United States Constitution by threatening licensed abortion providers currently with criminal prosecution without a corresponding state interest that would sufficiently justify this limitation thereby imposing a substantial obstacle in Plaintiffs' path when seeking abortion in Bannock County by limiting their access to safe abortion providers.

78.     The "Legislative Findings" set out in Idaho Code §18-503 are inaccurate and, even if they were determined to be accurate, fail to justify constitutionally the limitations placed on a woman's right to choose to terminate her pregnancy contained in Idaho Code §18-505.

79.     In prohibiting abortions beyond the 19th week of pregnancy, Idaho Code § 18-505 will apply to both pre- and post-viability abortions.    In failing to distinguish between the statutory burdens placed on pre-viability and post-viability abortions, Idaho Code § 18-505 unconstitutionally burdens the right of women to choose an abortion pre-viability.

80.     The lack of an adequate exception for the health of the mother in Idaho Code § 18-505 constitutes both an undue burden on and a *per se* violation of a woman's right to choose an abortion as protected by the Fourteenth Amendment of the U.S. Constitution.

81.     The expense, inconvenience and potential delay associated with determining the "probable post-fertilization age of the woman's unborn child" as required by Idaho Code § 18-505 will constitute an undue burden on those women who seek to terminate their pregnancy in Bannock County pre-viability.

82.     Unless Defendant is enjoined from enforcing Chapters 5 of Idaho Code, Title 18, there is a reasonable likelihood that the threat of criminal prosecution will deter Plaintiffs from exercising their right to privacy as guaranteed under the Fourteenth Amendment to the U.S.

Constitution in Bannock County, Idaho. Accordingly, this Court should issue an injunction preventing Defendant from prosecuting in Bannock County, Idaho any licensed health care provider of abortions during the pendency of this litigation for violating Title 18, Chapter 5.

**COUNT V – RIGHT TO DUE PROCESS OF LAW**
**(Vague and Overbroad)**

83.     Plaintiffs hereby incorporate the allegations set forth in paragraphs 1- 82 of this complaint as if set forth fully herein.

84.     Plaintiffs bring this claim challenging the constitutionality of Chapter 18, Title 5 both facially and as applied to herself and the previously identified class.

85.     The provisions of Chapters 5 Idaho Code Title 18 set forth above violate the rights of Plaintiffs to due process of law for vagueness. The statute, as written, fails to give adequate notice because a reasonable person could not know whether an abortion under certain circumstances is permitted or prohibited.

86.     The definitions set out in Idaho Code § 18-502 are unconstitutionally vague and fail to give either the Defendant prosecutor or health care providers adequate notice of what conduct is proscribed by Idaho Code §§ 18-505 and 18-507.

87.     Chapters 5 Idaho Code Title 18 also violates the rights of Plaintiffs to due process of law because their provisions are overbroad. The statutes, as written, regulate substantially more of a woman's choice to have an abortion than is constitutionally permitted.

88.     In prohibiting abortions beyond the 19th week of pregnancy, Idaho Code § 18-505 will apply to both pre- and post-viability abortions.   In failing to distinguish between the statutory burdens placed on pre-viability and post-viability abortions, Idaho Code § 18-505 unconstitutionally burdens the right of women to choose an abortion *pre-viability*.

89.     Unless Defendant is enjoined from enforcing Chapter 5 of Idaho Code, Title 18, there is a reasonable likelihood that the threat of criminal prosecution will deter Plaintiffs from exercising

their right to privacy as guaranteed under the Fourteenth Amendment to the U.S. Constitution in Bannock County Idaho. Accordingly, this Court should issue an injunction preventing Defendant from prosecuting in Bannock County, Idaho any licensed health care provider of abortions during the pendency of this litigation for violating Title 18, Chapter 5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for Judgment against Defendants as follows:

A.      Issue a declaratory judgment that Chapters 5 and 6 Idaho Code Title 18 as pled above violate the rights of Plaintiffs guaranteed by the Fourteenth Amendment to the United States Constitution and that, in attempting to regulate the advertisement of contraception and abortion outside the State of Idaho, Chapter 6 Idaho Code Title 18 also violates the dormant *Commerce Clause* and therefore both Chapters 5 and 6 of Idaho Code Tile 18 are void and of no effect;

B.      Issue preliminary and permanent injunctive relief, without bond, restraining the enforcement, operation and execution of Chapters 5 and 6 of Title 18 as pled above by enjoining Defendant, his agents, employees, appointees or successors from enforcing, threatening to enforce or otherwise applying the provisions of Chapters 5 and 6 Idaho Code Title 18 to create a substantial obstacle to women in choosing to undergo an abortion in Bannock County, Idaho;

C.      Grant Plaintiff's attorneys' fees, reasonable costs and expenses pursuant to 42 USC § 1988, and;

D.      Grant such further relief as this Court deems just and proper.

DATED this 24th day of August, 2011.

RACINE, OLSON, NYE, BUDGE &
BAILEY, CHARTERED

By:_____
RICHARD A. HEARN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24 day of August, 2011, I served a true and correct copy of the above and foregoing document to the following person(s) as follows:

Mark L. Hiedeman
Bannock County Prosecuting Attorney
P. O. Box P
Pocatello, Idaho 83205-0050

[  ]   U. S. Mail
        Postage Prepaid
[ x ]  Hand Delivery
[  ]   Overnight Mail
[  ]   Facsimile

Lawrence G. Wasden
Attorney General State of Idaho
Civil Litigation Division
P. O. 83720
Boise, Idaho 83720-0010

[ x ]  U. S. Mail
        Postage Prepaid
[  ]   Hand Delivery
[  ]   Overnight Mail
[  ]   Facsimile

RICHARD A. HEARN

COMPLAINT - Page 20